UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERLIN FRANCISCO CASTRO ESPINAL,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. 2:26-cv-03641-DGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1)

The Court hereby GRANTS Petitioner Erlin Francisco Castro Espinal's petition for writ of habeas corpus. (Dkt. No. 1.)

Petitioner, a native and citizen of Honduras, entered the United States without inspection in 2020 to seek asylum. (Dkt. Nos. 1 at 1–2; 3 at 2; 10 at 2.) Petitioner has two children, aged 10 and 2, the younger of whom is a United States citizen. (Dkt. No. 3 at 2.) He and his partner are expecting another child within the next month. (*Id.*)

On December 10, 2024, Enforcement and Removal Operations ("ERO") issued and served Petitioner with a Warrant for Arrest of Alien after he was arrested in Baltimore,

Maryland.[1] (Dkt. No. 10 at 2.) The same day, ERO issued and served Petitioner with a Notice to Appear ("NTA"), charging Petitioner as inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (*Id.*) Petitioner was released on his own recognizance and enrolled in the Alternatives to Detention ("ATD") program. (*Id.*) On March 4, 2026, Petitioner was detained by ERO during a routine check-in and served with a Warrant for Arrest of Alien and a Notice of Custody Determination informing him he would be detained pending a final administrative determination. (Dkt. Nos. 3 at 3; 10 at 3.) On March 10, 2026, Petitioner was transferred to the Northwest ICE Processing Center in Tacoma, where he remains. (*Id.*)

On March 20, 2026, Petitioner filed a habeas petition in this Court. *Castro Espinal v. Warden et al*, Case No. 2:26-cv-00946-TMC. On April 21, 2026, United States District Judge Tiffany M. Cartwright granted the petition and ordered Respondents to either release Petitioner or provide him a bond hearing. *Id.*, Dkt. No. 8. On April 8, 2026, an Immigration Judge ("IJ") denied Petitioner's application for relief from removal and ordered him removed to Honduras. (Dkt. No. 10 at 4.) On May 6, 2026, Petitioner appealed the order to the Board of Immigration Appeals. (*Id.*) On September 3, 2026, Petitioner filed a Custody Redetermination Request. (*Id.*) At the bond hearing, Petitioner presented evidence in support of his request, including letters of support from friends and members of the community. (Dkt. No. 3 at 3.) On September 15, 2026, IJ Matthew Davidhizar found Petitioner was a flight risk and denied his request for bond, citing his removal order and several ATD violations. (Dkt. Nos. 4 at 2, 10–11; 10 at 4.)

[1] There are no outstanding warrants for Petitioner's arrest, and there is no record that Petitioner has been convicted of a crime in the United States. (Dkt. No. 4 at 14.) Petitioner is seeking to expunge his record based on a *nolle prosequi* disposition. (Dkt. No. 3 at 3.)

On September 28, 2026, Petitioner filed a petition for writ of habeas corpus in this Court. (Dkt. No. 1.) Petitioner argues IJ Davidhizar abused his discretion in finding him a flight risk based only on his pending removal order and alleged ATD violations and contends the IJ did not consider the evidence he presented concerning his partner, children and community and church involvement. (*Id.* at 8–11.) Respondents argue the petition should be denied because Petitioner has not exhausted administrative remedies. (Dkt. No. 9 at 5–9.)

For the reasons identified in its prior cases, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement. *See Barragan Jimenez v. Hernandez et al.*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 at *2 (W.D. Wash. Sept. 23, 2026) (collecting cases). The Court also finds the bond hearing was constitutionally deficient. Respondents do not challenge Petitioner's counsel's description of the bond hearing or counsel's description of IJ Davidhizar's ruling. Respondents further acknowledge that this Court "has previously found similar decisionmaking by an Immigration Judge to be an abuse of discretion." (Dkt. No. 9 at 9–10) (citing *Ek Uc v. Hernandez*, Case No. 26-cv-02482-DGE, 2026 WL 2654198, at *5 (W.D. Wash. Sept. 9, 2026) (collecting cases)). Here, the IJ did not engage with the evidence presented by Petitioner in support of his bond request. The IJ did not consider any of the agency factors an IJ is supposed to consider when evaluating flight risk. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (identifying factors to consider in evaluating flight risk). No was there any effort to explain how Petitioner's removal order or the ATD violations made him a flight risk or outweighed the evidence Petitioner presented that identified significant equities in Maryland; namely having young children and expecting a new child. *See Barragan Jimenez*.

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order and return him to the same conditions of supervision previously imposed.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Respondents shall return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents (EADs).
4. Within TWENTY-FOUR (24) HOURS of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody and SHALL file a copy of the conditions of supervision.

Petitioner seeks an award of fees. (Dkt. No. 1 at 14.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed no later than **February 2, 2027**.[2]

---

[2] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in Palacios v. Liggins, No. 25-1223. *See Douangdala v. Bondi*, Case No. 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).

Dated this 2nd day of November, 2026.

David G. Estudillo
United States District Judge